**No. 26-7139**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

CALIFORNIA NURSES ASSOCIATION, *et al.*,

Plaintiffs-Appellees,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of California

# MOTION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLEES IN OPPOSTION TO APPELLANT'S MOTION FOR STAY PENDING APPEAL

STUART NAIFEH
JOHN CUSICK
BRITTANY CARTER
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org

MAX L. MEYERS
National Association for the
Advancement of Colored People
4805 Mt. Hope Drive
Baltimore, MD 20215

ANUJA D. THATTE
DEUEL ROSS
HAYLEY HAHN
VICTOR OLOFIN
NAACP Legal Defense &
Educational Fund, Inc.
700 14th St. N.W.
Ste. 600
Washington, DC 20005

LEAH WONG
PATRICK STEGEMOELLER
Asian American Legal Defense
and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013

***Counsel for amici curiae***

The NAACP Legal Defense and Educational Fund, Inc. National Association for the Advancement of Colored People, and Asian American Legal Defense and Educational Fund ("Amici") hereby move this Court for leave to file a brief as amici curiae in support of the appellees in this case.

1. The NAACP Legal Defense and Educational Fund, Inc. ("LDF") is the nation's first and foremost civil rights organization. Since its founding in 1940, LDF has fought to secure equal justice under the law for all Americans, and to break down barriers that prevent Black Americans from realizing their basic civil and human rights. Through litigation, advocacy, and public education, LDF strives to enforce the United States Constitution's promise of equal protection and due process for all. LDF is committed to ensuring a faithful interpretation of federal voting laws and protecting the right of every eligible Black American to cast a ballot that counts. LDF has participated as counsel of record in numerous significant cases to defend voting rights. *See*, *e.g.*, *Louisiana v. Callais*, 608 U.S. 85 (2026); *Alexander v. South Carolina State Conf. of the NAACP*, 602 U.S. 1 (2024); *Allen v. Milligan*, 599 U.S. 1 (2023); *Shelby Cnty. v. Holder*, 570 U.S. 529 (2013); *Nw. Austin Mun. Dist. No. 1 v.*

*Holder*, 557 U.S. 193 (2009); *Chisom v. Roemer*, 501 U.S. 380 (1991); *Thornburg v. Gingles*, 478 U.S. 30 (1986); *City of Mobile v. Bolden*, 446 U.S. 55 (1980); *Allen v. State Bd. of Elections*, 393 U.S. 544 (1969).

2. AALDEF is a national organization, founded in 1974, that protects and promotes the civil rights of Asian Americans. By combining litigation, advocacy, education, and organizing, AALDEF focuses on critical issues affecting Asian Americans, including the right of Asian American communities across the country to cast an effective ballot and receive fair representation. AALDEF has litigated cases seeking to protect the ability of Asian American communities to elect candidates of their choice, *see*, *e.g.*, *N.Y. Cmtys. for Change v. Cnty. of Nassau*, No. 602316/2024 (Sup. Ct., Nassau Cty. Feb. 7, 2024); *League of United Latin Am. Citizens v. Abbott*, No. 3:21-cv-00259-DCG-JESJVB (W.D. Tex. Oct. 18, 2021); *Favors v. Cuomo*, 881 F. Supp. 2d 356 (E.D.N.Y. 2012), and to ensure that limited English proficiency Asian American voters have an equal opportunity to participate in our democracy, *see*, *e.g.*, *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017); *Detroit Action v. City of Hamtramck*, No. 2:21-cv11315-MAG-KGA (E.D. Mich. June 3, 2021); *All. of South Asian Am. Labor v. Bd. of Elections in the City of N.Y.*, No. 1:13-

cv03732-RJD-JMA (E.D.N.Y. July 2, 2013). Each year, AALDEF monitors elections alongside local community partners across multiple states, ensuring compliance with state and federal law, and documenting obstacles facing Asian American voters. A hallmark of AALDEF's election protection work is ensuring that its community partners are able to safely and confidently participate in elections, from voter registration all the way through the completion of the electoral process.

3. The National Association for the Advancement of Colored People ("NAACP") is the oldest and largest civil rights organization in the country. Its mission is to achieve equity, political rights, and social inclusion by advancing policies and practices that expand human and civil rights, eliminate discrimination, and accelerate the well-being, education, and economic security of Black people and all persons of color. The NAACP has been at the forefront of fighting racial discrimination in voting and fighting for the rights of its members and those of all registered US citizens to cast ballots and have those ballots counted. This includes fighting legal battles against intimidation, threats, and coercion attempting to suppress the vote. The NAACP is currently litigating a case

brought under Section 11(b) of the Voting Rights Act (see *NAACP v. Blanche*, No. 1:26-cv-3626 (D.D.C 2026)).

4. Amici seek to file the proposed amicus brief to present this court with a comprehensive account of the history and legal authorities concerning private enforcement of the Voting Rights Act of 1965 ("VRA"), including Section 11(b), 52 U.S.C. § 10307(b), which bear on a potentially dispositive issue raised by the Appellants in their Motion to Stay Pending Appeal, to wit, whether the Appellees have a right of action under Section 11(b) to assert the claims that are now before this Court.

5. Amici have a significant interest in the proper resolution of that question, as they frequently litigate matters arising under Section 11(b) and other provisions of the VRA. Moreover, amici as extensive experience litigating matters as or on behalf of private parties who have been the targets of intimidation in violation of Section 11(b). They have drawn on that expertise to file merits and amicus briefs in other recent VRA cases in which the question of the private enforceability of its provisions has been at issue. *See*, *e.g.*, *Allen v. Milligan*, No. 25-274 (U.S. Supreme Court 2025); *Turtle Mountain Band of Chippewa Indians v.*

*Howe*, No 25-253 (U.S. Supreme Court 2025); *Arkansas State Conference NAACP v. Arkansas Board of Apportionment* (8th Cir. 2023).

6. Because the question wither private litigants may sue to vindicate their rights under Section 11(b) is directly relevant to Appellant's stay motion, Amici's proposed brief will assist this Court in deciding that question.

7. Amici have sought and received consent of all parties to the filing of the proposed amicus brief.

Respectfully submitted,


/s/ *STUART NAIFEH*
STUART NAIFEH
JOHN S. CUSICK
BRITTANY CARTER
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
NEW YORK, NY 10006
(212) 965-2200
snaifeh@naacpldf.org

MAX L. MEYERS
National Association for
the Advancement of
Colored People
4805 Mt. Hope Drive
Baltimore, MD 20215
(410) 580-5777

ANUJA D. THATTE
DEUEL ROSS
HAYLEY HAHN
VICTOR OLOFIN
NAACP Legal Defense &
Educational Fund, Inc.
700 14th St. N.W.
Ste. 600
Washington, DC 20005
(202) 682-1300

LEAH WONG
PATRICK STEGEMOELLER
Asian American Legal
Defense and Education
Fund
99 Hudson Street, 12th
Floor
New York, NY 10013
(212) 966-5932

***Counsel for amici curiae***

October 28, 2026

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 28, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Stuart Naifeh*
Stuart Naifeh

***Counsel for amici curiae***