No. 26-7139

# In the United States Court of Appeals for the Ninth Circuit

CALIFORNIA NURSES ASSOCIATION et al.,

*Plaintiffs-Appellees,*

*v.*

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
No. 26-cv-10680-AMO

## UNOPPOSED MOTION OF LEAGUE OF WOMEN VOTERS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE

ASHURST PERKINS COIE US LLP

Kevin J. Hamilton
Matthew P. Gordon
Jonathan P. Hawley
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
(206) 359-8000
Kevin.Hamilton@ashurstperkins.com
Matthew.Gordon@ashurstperkins.com
Jonathan.Hawley@ashurstperkins.com

Maria Trubetskaya
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
(310) 788-3258
Maria.Trubetskaya@ashurstperkins.com

*Counsel for Amicus Curiae*

1. Pursuant to Federal Rule of Appellate Procedure 29(a)(3), the League of Women Voters (the "League") respectfully moves for leave to file the accompanying brief as amicus curiae in support of Plaintiffs-Appellees, affirmance of the District Court's order granting a preliminary injunction, and denial of Defendants-Appellants' request for a stay. All parties consent to the filing of the amicus brief.

2. The League is a nonprofit, nonpartisan, grassroots membership organization committed to protecting voting rights, empowering voters, and defending democracy. Through advocacy, education, mobilization, and litigation, the League works to ensure that all eligible voters have the information and opportunity to exercise their right to vote. Founded in 1920 as an outgrowth of the struggle to win voting rights for women, the League now has more than one million members and supporters in nearly 800 communities across all states and the District of Columbia.

3. The League seeks to file the proposed brief to offer the perspective of a nationwide, nonpartisan civic organization whose mission depends entirely on grassroots volunteers' willingness to engage with voters in their own communities. The brief places the broad sweep of the Voting Rights Act of 1965 ("VRA") in context and explains how reversal or a stay would affect voter registration and mobilization nationwide, particularly during a crucial election marked by multiple forms of Executive interference. That perspective differs from and supplements the parties' presentations.

4. More specifically, the proposed amicus brief addresses legal questions directly before the Court. At the outset, it addresses the availability of private enforcement of Section 11(b), which is essential to organizations like the League that are often the only parties positioned to act quickly when intimidation occurs in the final weeks before an election. It then explains that Section 11(b)'s text, history, and broad remedial purpose support applying its prohibition on voter intimidation to federal officials as well as state and private actors. It next shows that the terms "intimidate," "threaten," and "coerce" were broadly defined when the VRA was enacted such that Section 11(b) reaches conduct that instills fear of legal repercussions, surveillance, or other adverse consequences—including door-to-door interrogations by armed federal agents. Finally, it explains that, because Congress deliberately omitted a subjective-intent requirement, plaintiffs need not prove that defendants intended to intimidate anyone to prevail on a Section 11(b) claim.

5. Because these matters bear directly on whether the District Court correctly found that Plaintiffs-Appellees' Section 11(b) claim is likely to succeed on the merits, as well as the balance of harms and public interest relevant to a stay, the proposed amicus brief will assist the Court in resolving this appeal.

6. The proposed brief is limited to the issues on appeal, does not duplicate the parties' briefing, and complies with the length limit of Federal Rule of

Appellate Procedure 29(a)(5). Granting leave will not delay the Court's consideration of this appeal or the pending stay request or prejudice any party.

7. The League therefore respectfully requests leave to file the accompanying amicus brief.

Respectfully submitted this 28th day of October, 2026.

ASHURST PERKINS COIE US LLP

s/ Kevin J. Hamilton
Kevin J. Hamilton
Matthew P. Gordon
Jonathan P. Hawley
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
(206) 359-8000
Kevin.Hamilton@ashurstperkins.com
Matthew.Gordon@ashurstperkins.com
Jonathan.Hawley@ashurstperkins.com

Maria Trubetskaya
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
(310) 788-3258
Maria.Trubetskaya@ashurstperkins.com

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the type size and typeface comply with Federal Rule of Appellate Procedure 32(a)(5) and (6) and that this motion complies with the page limit of Circuit Rule 27-1(1)(d).

*s/ Kevin J. Hamilton*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 28, 2026.

*s/ Kevin J. Hamilton*